Chief I.W. Heathcote City of Belleair Beach 444 Causeway Boulevard Belleair Beach, Florida 34635
Dear Chief Heathcote:
You have asked for my opinion on substantially the following question:
How should motorized scooters be characterized under Ch. 316, F.S., for purposes of traffic and safety regulation?
In sum:
A motorized scooter powered by a gasoline engine with a maximum speed of 20 miles per hour may be characterized as a "motor vehicle" pursuant to s. 316.003(21), F.S., and the drivers and operators of these scooters are subject to the provisions of Ch.316, F.S., governing vehicles and vehicular traffic.
As the Chief of Police for the City of Belleair Beach, you are concerned because children are riding these scooters on the street and you are unsure of your regulatory authority. You have included information with your inquiry which describes a motorized scooter with two wheels, powered by a gasoline engine which may achieve a maximum speed of 20 miles per hour. The scooter has a single cylinder, 1.2 horsepower engine with a displacement of 22.5 cc. The speed and braking of the scooter are controlled by throttle and brake levers located on the handle bars.
Florida's Uniform Traffic Control Law, Ch. 316, F.S., defines a "motor vehicle" as "[a]ny self-propelled vehicle not operated upon rails or guideway, but not including any bicycle or moped."[1] A "bicycle" is:
Every vehicle propelled solely by human power, and every motorized bicycle propelled by a combination of human power and an electric helper motor rated at no more than 200 watts and capable of propeling the vehicle at a speed of not more than 10 miles per hour on level ground upon which any person may ride, having two tandem wheels, and including any device generally recognized as a bicycle though equipped with two front or two rear wheels. The term does not include such a vehicle with a seat height of no more than 25 inches from the ground when the seat is adjusted to its highest position or a scooter or similar device.[2]
The definition of bicycle clearly excludes scooters from its terms. Further, based on the description of the scooter which you have provided, it would not conform to the definition of a bicycle based on its top speed.
A "moped" for purposes of Ch. 316, F.S., is defined as:
Any vehicle with pedals to permit propulsion by human power, having a seat or saddle for the use of the rider and designed to travel on not more than three wheels; with a motor rated not in excess of 2 brake horsepower and not capable of propelling the vehicle at a speed greater than 30 miles per hour on level ground; and with a power-drive system that functions directly or automatically without clutching or shifting gears by the operator after the drive system is engaged, If an internal combustion engine is used, the displacement may not exceed 50 cubic centimeters.[3] Again, based on the specifications which you have provided, the scooter in question does not fall within the statutory definition of a moped since the scooter has no seat or saddle for the rider's use.
Therefore, it is my opinion that a motorized scooter powered by a gasoline engine with a maximum speed of 20 miles per hour would fall within the definition of a "motor vehicle" pursuant to s.316.003(21), F.S., and the operators of these scooters are subject to all the sections and provisions of Ch. 316, F.S. governing vehicles and vehicular traffic.[4]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 316.003(21), F.S.
[2] Section 316.003(2), F.S.
[3] Section 316.003(77), F.S.
[4] Cf., AGO 84-10 (bicycles and the drivers and operators of bicycles are included within and subject to all those provisions of Ch. 316, F.S., governing noncriminal traffic violations by vehicles and the drivers and operators of vehicles and vehicular traffic); AGO 77-84 (the Uniform Traffic Control Law expressly provides for uniform traffic laws and traffic ordinances throughout the state and in all its municipalities and prohibits the enactment or enforcement of any traffic ordinances in conflict therewith; the regulation of the operation of motor-propelled bicycles or "mopeds" upon the roadways of municipalities, the manner and places of their operation, equipment required thereon, and equipment, if any, for the operators or riders thereof is governed by s. 316.111, F.S., and other related statutes; Ch. 316, F.S., effectively preempts to the state the regulation of motor-propelled bicycles or "mopeds"); and AGO 69-114 (concluding that any motor-driven cycle must be registered with and licensed by the Department of Highway Safety and Motor Vehicles when used or operated upon the public highways and streets of Florida for the purpose of transporting persons or property).